UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONALD STARKE, JR.                                                    PLAINTIFF

V.                                           CIVIL ACTION NO. 3:25-CV-457-DPJ-ASH

ERGON ENERGY PARTNERS, LP;
ERGON EXPLORATION, INC.;
STEELE PETROLEUM, INC.; AND
CLIFTON S. PARTRIDGE                                                  DEFENDANTS

ORDER

Plaintiff Donald Starke, Jr. moves under Federal Rule of Civil Procedure 60(b) to vacate the Joint Stipulation of Dismissal [22] entered on October 20, 2025.  Mot. [23].  Defendants oppose the request.  While entering the dismissal was unfortunate for Starke, the Court finds that he has not demonstrated a basis to set aside his own stipulation.  Plaintiff's motion to vacate [23] is denied.

I.      Facts and Procedural History

Starke sustained injuries while working on a rig in Tyler, Texas, on August 4, 2023.  Am. Compl. [3] at 3.  "Starke was on a crew pulling a joint of drill pipe out of a hole when the pipe split about two feet above the collar, causing the pipe to forcefully strike [Starke] on the right side of his lower back and tear into his tissue and muscle."  *Id.*

Starke, through counsel, filed his claims in several venues.  He first filed a Petition in Texas state court seeking compensation for his injuries.  *See* Pet. [26-1] at 4–14.  He then entered a "Notice of Nonsuit Without Prejudice," representing that he "intends to pursue this action, which is in its infancy, in another venue."  Pl.'s Notice [26-2] at 2.  Next, Starke filed this federal lawsuit against Ergon Energy Partners and Ergon Exploration, which owned the well; Steele Petroleum, which operated the well; and Clifton Partridge, who served as a consultant.  *See*

Compl. [1] (filed June 23, 2025); Am. Compl. [3] (filed July 25, 2025) (adding Steele and Partridge).  Starke alleges that Defendants' negligence proximately caused his injuries.  Am. Compl. [3] at 5.

Before the telephonic case-management conference occurred, Starke informed Defendants that he wanted to sue them in state court and sought a joint stipulation of dismissal. He sent this email on October 7, 2025:

> Dear Counsel,
>
> Hoping this email finds you well.
>
> I recently had the chance to talk to my client, who wishes to proceed with this case in the Circuit Court of Adams County, Mississippi.  We had been unaware prior to the appearance(s) of Steele Petroleum and Mr. Partridge that they are at home in Adams County such that venue there is proper.
>
> I am reaching out to confer, before further effort is expended in federal court, in the hopes of obtaining your consent to joint stipulation to dismiss the federal actions without prejudice so that we can proceed in state court.
>
> Please let me know if we need to discuss further—it would be great to have this accomplished by the end of the week.
>
> Best,
> Charles

Email [23-3] at 1 (10/7/2025 10:40 PM).

On October 13, counsel for the Ergon Defendants advised, "My clients have agreed to authorize me to sign off on the stipulation of dismissal."  Email [23-4] at 4 (10/13/2025 1:40 PM).  And on October 14, counsel for Steele Petroleum and Partridge responded, "Yes, I have authority as well."  *Id.* at 2 (10/14/2025 9:28 AM).  Starke replied, "We will draft a stipulation of dismissal and circulate it for your review."  *Id.* (10/14/2025 3:31 PM).

On October 20, 2025, Starke filed a "Joint Stipulation of Dismissal" that he drafted.  It stated:

> Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Donald Starke, Jr. and Defendants Ergon Energy Partners, LP, Ergon Exploration, Inc., Steele Petroleum, Inc. and Clifton S. Partridge (collectively, "the Parties"), by and through their undersigned counsel, hereby stipulate and agree to the

dismissal of all claims against all Defendants in the above-captioned action without prejudice.  Each party shall bear its own costs, expenses, and attorneys' fees.

Stip. [22] at 1.

When Starke filed his state-court suit, Defendants moved to dismiss it as time barred under Texas's two-year limitation period.  Ergon State Ct. Mot. [23-9] (filed Nov. 18, 2025); Steele/Partridge State Ct. Mot. [23-10] (filed Nov. 19, 2025).[1]  Starke now moves this Court to vacate the Joint Stipulation of Dismissal under Rule 60(b).  Mot. [23].  Defendants oppose the request.

II.     Standard

Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

---

[1] Though Starke's October 2025 email asking for a stipulation of dismissal says Starke was "unaware" that Steele and Partridge resided in Adams County until they made appearances, Email [23-3] at 1, he filed an Amended Complaint on July 25, 2025, listing their residence as Natchez, Mississippi, which is in Adams County, Am. Compl. [3] at 2.  That amended pleading was filed within two years of the accident.  *Id.*

"[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Hou.*, 78 F.3d 983, 995 (5th Cir. 1996).

III.    Analysis

Starke invokes Rules 60(b)(1), (3), and (6).  Mot. [23].  But none of these justify vacating his stipulation.

A.    Rule 60(b)(1)

Rule 60(b)(1) provides relief from final judgment for "mistake, inadvertence, surprise, or excusable neglect."  Starke does not suggest excusable neglect, and under Rule 60(b)(1), not just any "mistake, inadvertence, [or] surprise" will do.  As explained by the Fifth Circuit,

> Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the inadvertent mistake of counsel.  Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. . . . Rule 60(b) relief will only be afforded in unique circumstances.  In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court.

*Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993) (quotation marks and footnotes omitted); *see also Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (same).

Starke attempts to sidestep these requirements, arguing that he is entitled to relief under Rule 60(b)(1) because the stipulation of dismissal was not a valid contract under Mississippi law.  Pl.'s Mem. [24] at 6.  He says:

> Considering Plaintiff had timely filed his federal lawsuit against all Defendants, and considering that Defendants have interpreted proceeding in state court to mean attempting to preclude Plaintiff's claims on statutory grounds unraised in federal court evidences—whether for lack of sufficient definiteness, mutual

4

assent, consideration, meeting of the minds, or essential terms—the joint Rule 41 stipulation here was not a valid and enforceable contract.

*Id.* at 8.

Starke cites no Fifth Circuit cases applying contract law to set aside a judgment under Rule 60(b).  Indeed, that court has rejected his position.  In *National City Golf Finance v. Scott*, the parties settled and "filed an unconditional stipulation of dismissal" under Rule 41(a)(1)(A)(ii).  899 F.3d 412, 414 (5th Cir. 2018).  The stipulation was without prejudice.  *Id.* at 415 n.2.[2]  Scott later regretted the agreement believing his signature had been forged on a guaranty before the parties settled.  *Id.* at 415.  He therefore moved to "rescind the settlement and vacate the dismissal under state contract law."  *Id.* at 414; *see also id.* at 415 (citing mutual mistake, unilateral mistake, and unjust enrichment).  The district court denied the motion, holding that "Scott expressly assumed the risk of any factual mistakes [in his settlement agreement] and thus failed to 'satisf[y] the standard for setting aside the settlement' under state law."  *Id.* at 415.

The Fifth Circuit affirmed but on different grounds.  The court noted that "[a] stipulation of dismissal under [Rule 41(a)(1)(A)(ii)] ordinarily—and automatically—strips the district court of subject-matter jurisdiction.  *Id.* at 415–16 (citing *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010)).  So despite "[a]ll assum[ing] the district court had jurisdiction to resolve that motion on state-law terms," no jurisdiction actually existed.  *Id.* at 414.  "Rather, because the parties' unconditional dismissal deprived the district court of subject-matter

---

[2] Starke's stipulation of dismissal was with prejudice.  Under Rule 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

jurisdiction, the proper vehicle for the motion was Federal Rule of Civil Procedure Rule 60(b)." *Id.*

Turning to Rule 60(b)(1), the Fifth Circuit noted that Scott based his motion on a mistaken belief despite his settlement agreement expressly "assum[ing] the risk of such blunders." *Id.* at 418. And "[f]rom Rule 60(b)(1)'s perspective, Scott's present remorse over his past risk does not suffice." *Id.* "Where a party makes a considered choice . . . he cannot be relieved of such a choice under Rule 60(b) because hindsight seems to indicate to him that, as it turns out his decision was probably wrong." *Id.* (quoting *In re Pettle*, 410 F.3d 189, 193 (5th Cir. 2005)).

So too here. The Court lacks jurisdiction to consider Starke's state-law arguments. *Id.* at 415–16. And Rule 60(b)(1) offers no relief for the "consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Id.* at 418 (quoting *Fed.'s Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977)). Starke's attorney made a tactical decision to dismiss a timely filed suit to seek another venue. Whether he didn't know the statute of limitations or mistakenly assumed it could not be asserted, Rule 60(b)(1) does not remedy "carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co.*, 6 F.3d at 357. Starke has not met his burden under Rule 60(b)(1).[3]

      B.     Rule 60(b)(3)

---

[3] Starke relies on the Sixth Circuit's non-binding opinion in *Whitaker v. Associated Credit Services, Inc.*, a case applying contract law when considering a motion under Rule 60(b). 946 F.2d 1222, 1226 (6th Cir. 1991). But to the extent that *Whitaker* conflicts with *Scott*, it has no bearing here. Even without *Scott*, *Whitaker* is a bad fit. There, the party accepted an offer of judgment to settle the case and then moved to set aside the judgment. The Sixth Circuit concluded that there had been no meeting of the minds—i.e., "no valid offer and acceptance constituting an enforceable contract." *Id.* While the settlement agreement in *Whitaker* was a contract, there was no similar contract here. Plaintiff wanted to dismiss his case and pursue it elsewhere, and Defendants agreed to let him do it.

Next, Starke says he has "grounds for relief under Rule 60(b)(3) to the extent that Defendants entered the stipulation under false pretenses to deceive Plaintiff." Pl.'s Mem. [24] at 8. According to him, by agreeing to the voluntary dismissal Starke proposed, Defendants "represented—through their conduct and the agreement itself—that it would be viable to proceed to the merits of Plaintiff's claims in Adams County, Mississippi." Reply [28-1] at 1.

"A party making a Rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *In re Isbell Recs., Inc.*, 774 F.3d 859, 869 (5th Cir. 2014) (quoting *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990)). Starke hasn't made either showing.

***Fraud or misconduct.*** As Defendants point out, "Plaintiff's counsel announced Plaintiff's intent to dismiss the federal action and proceed in Adams County, and he asked only that Defendants sign a basic stipulation of dismissal without prejudice." Ergon Mem. [27] at 2; *see* Email [23-3] at 1. Ergon further says that "[a]t most, the communications reflect routine procedural cooperation by Defendants in agreeing to a stipulation of dismissal they had no basis to oppose." Ergon Mem. [27] at 6.

Simply put, the Joint Stipulation was Starke's idea. He told Defendants that he intended to refile in Adams County but sought their consent "before further effort is expended in federal court." Email [23-3] at 1 (10/7/2025 10:40 PM). He then drafted the stipulation, circulated it, and docketed it. Emails [23-3, 23-4]; Stip. [22]. Nothing in Defendants' communications suggests that they misrepresented anything or that they agreed to anything more than dismissal. Counsel for Ergon Defendants merely advised, "My clients have agreed to authorize me to sign off on the stipulation of dismissal." Email [23-4] at 4 (10/13/2025 1:40 PM). Counsel for Steele

7

Petroleum and Partridge similarly responded to Starke's request, "Yes, I have authority as well." *Id.* at 2 (10/14/2025 9:28 AM). No one suggested they would waive defenses or toll the statute of limitations.

Starke suggests though that Defendants' silence violated the Mississippi Rules of Professional Conduct. Pl.'s Mem. [24] at 9 n.1 (quoting L.U. Civ. R. 83.5). But he cites no rules of professional conduct that counsel violated. He instead relies on the Mississippi Lawyer's Creed, which, by its terms, is merely "aspirational." *See* The Mississippi Bar, A Lawyer's Creed, https://www.msbar.org/ethics-discipline/professionalism/lawyers-creed/ ("As a lawyer, I will aspire: . . . ."). The Court has found no cases—state or federal—mentioning the creed or suggesting that it creates any legal duties.

More generally, Starke hasn't shown that Defendants were obligated to disclose his potential mistake. Attorneys practicing in Mississippi "owe[] no duty to . . . an adverse party[] when they were acting in their official capacities as [their client's] attorneys." *Gilmer v. McRae*, 355 So. 3d 219, 225 (Miss. 2022). As another federal court has said, "This Court is unaware of any authority, . . . not only in Mississippi, but anywhere in the country, which suggests that an attorney owes a duty, fiduciary or otherwise, to the adverse party in a case he is litigating." *James v. Chase Manhattan Bank*, 173 F. Supp. 2d 544, 550 (N.D. Miss. 2001).

***Misconduct preventing Starke from fully and fairly presenting his case.*** Starke could have researched the statute of limitations on his own, or (if he knew the time bar) he could have confirmed a tolling or other similar agreement with Defendants before dismissing his timely filed federal suit. Instead, there is no evidence he ever mentioned "the statute of limitations, tolling, or a promise not to assert defenses in a later-filed suit." Ergon Mem. [27] at 6 (citing Emails [23-3, 23-4]). In short, he has not pointed to any conduct *by Defendants* preventing him from

8

pursuing his case. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (affirming denial of Rule 60(b)(3) relief despite defendant's failure to disclose agreement and newsletter because failure did not interfere with plaintiff's "ability to present her case").

***Evidentiary hearing.*** Perhaps recognizing these shortcomings, Starke "seeks an evidentiary hearing and, if need be, an in camera review of privileged documents to assess . . . whether Defendants' (and their counsel's) representations and conduct arose to the level of fraud, misrepresentation or implicated misconduct." Pl.'s Mem. [24] at 9. But any representations they made to Starke are in Starke's possession and have presumably been cited. This is not a case when defendants withhold evidence or documents only they possess. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978) (finding district court abused its discretion in denying Rule 60(b)(3) relief where defendant failed to produce a report that "would have made a difference in the way plaintiff's counsel approached the case or prepared for trial" (quotation marks omitted)).

In sum, no one hid the applicable statute of limitations from Starke—it was equally available to him and Defendants. Starke has not shown that he is entitled to relief under Rule 60(b)(3).

C.    Rule 60(b)(6)

Under Rule 60(b)(6), a court may relieve a party from a final judgment for "any other reason that justifies relief." But "Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (quotation marks omitted). "Accordingly, Rule 60(b)(6) requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'" *Id.* (quoting *Edward H. Bohlin Co.*, 6 F.3d at 357). In other words, "Rule

9

60(b)(6) should not be used to undo the damage done by a poor strategic decision." *Rogers v. Boatright*, 670 F. App'x 386, 387 (5th Cir. 2016) (quoting *Yesh*, 727 F.3d at 363).  Dismissing a timely filed suit in hopes of seeking a venue the plaintiff likes better is a strategic decision.

Starke nevertheless insists that *Yesh* is "squarely on point" and requires setting aside the stipulation.  Reply [28-1] at 4.  Yesh Music filed a copyright infringement suit against Lakewood Church in Texas federal court.  *Yesh*, 727 F.3d at 358.  Yesh Music voluntarily dismissed the suit under Rule 41(a)(1)(A)(i) and refiled in New York federal court.  *Id.*  In a subsequent hearing on Lakewood's motion for costs in the Texas district court, the parties "stipulated on the record . . . that the case will proceed [in Texas] and not in New York."  *Id.*  Relying on that agreement, Yesh Music voluntarily dismissed the New York suit and filed a motion for relief from judgment in Texas, but Lakewood contested the motion.  *Id.*  The district court, "[r]ecognizing the broad equitable power . . . under Rule 60(b)," found it would be "unjust to deny Yesh Music's motion" to reinstate the Texas case.  *Id.* at 358–59.  Lakewood appealed.  *Id.*

The Fifth Circuit affirmed because "the parties reached an agreement in open court, on the record, that the action would be dismissed in New York and reinstated in Texas."  *Id.* at 363.  The court added, "[t]he district court did not abuse its discretion in concluding that it would have been unfair to permit Lakewood to agree to reinstatement of the case in Texas, and then allow it to renege on its agreement."  *Id.*

No such agreement—in open court, on the record—to reopen the federal lawsuit exists here.  Defendants agreed to *dismiss* the federal lawsuit; they did not agree to reopen it.  *Yesh Music* is also different in another way.  Lakewood attempted to block the very thing it agreed to—reinstatement in Texas.  Here, Defendants merely agreed to a stipulation of dismissal.  They were not asked to waive any defenses upon refiling, nor did they suggest that they would.  As

10

noted above, Starke's counsel announced his desire to sue in Adams County and sought consent "before further effort is expended in federal court." Email [23-3] at 1. *Yesh Music* is distinguishable.

The Court is sympathetic to Mr. Starke's situation and prefers to resolve cases on their merits. But relief is unwarranted. Starke decided to seek a joint stipulation of dismissal, drop this lawsuit, and proceed in state court. That was an unfortunate strategic choice, but the fact "[t]hat [he], or [his] attorney, may not have fully considered the potential consequences of that decision . . . is no basis for relief under Rule 60(b)." *Braswell v. Invacare Corp.*, 760 F. Supp. 2d 679, 685 (S.D. Miss. 2010) (denying Rule 60(b) relief where plaintiff sought to add defendant she had voluntarily dismissed because statute of limitations had run).

IV.    Conclusion

The Court has considered all arguments; those not specifically addressed would not have changed the result. For the reasons stated, Plaintiff's motion to vacate [23] is denied.

**SO ORDERED AND ADJUDGED** this the 24th day of June, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

11